IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-17-79-R-3 |
| ) | |
| ) | |
| EDUARDO MARTINEZ-DE LOS SANTOS,) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant pro se Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. Nos. 181, 182], to which the government responded in opposition [Doc. No. 194]. Defendant is currently serving a 120-month sentence of imprisonment for conspiracy to possess with intent to distribute 50 grams or more of a mixture of substance containing a detectable amount of methamphetamine. His prior motion seeking a sentence reduction [Doc. Nos. 176, 178] was denied without prejudice for failure to exhaust administrative remedies [Doc. No. 180].

The Tenth Circuit has adopted a three-step test for district courts to apply when considering motions filed under § 3582(c)(1). *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021). Under that test, a court may reduce a sentence if the defendant has administratively exhausted his claim[1] and "meets three requirements: (1) extraordinary

---

[1] The United States argues that Defendant has failed to fully exhaust his administrative remedies because he did not properly appeal the warden's denial of his request for compassionate release. Defendant counters that the warden did not respond to his initial

and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a) support early release." *United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (citing *McGee*, 992 F.3d at 1042). "If any of the requirements are lacking, the district court may deny the motion without addressing other factors." *Id.*

As to the first requirement, Defendant argues that his medical conditions, including high blood pressure, heart condition, diabetes, high cholesterol, and vision problems, present an extraordinary and compelling reason to reduce his sentence.[2] However, "commonplace" conditions such as hypertension and high cholesterol cannot fairly be described as "extraordinary." *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Further, and contrary to Defendant's assertions, the BOP's medical records indicate that Defendant has been receiving medical treatment for his medical conditions. Under these circumstances, the Court is not persuaded that his present health status qualifies as an extraordinary and compelling reason for reducing his sentence.

---

request for compassionate release within 30 days and he should therefore not be penalized for failing to follow the BOP appeal process. It is unnecessary to resolve this dispute because, even assuming Defendant fully exhausted his administrative remedies, his motion fails on the merits.

[2] Defendant also makes several arguments attacking the validity of his sentence. A motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not the proper vehicle for asserting these arguments, which are exclusively governed by 28 U.S.C. § 2255. *See United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023). Because it is not clear whether Defendant wishes to seek relief under § 2255, the Court will not sua sponte recharacterize the motion.

Additionally, the § 3553(a) factors do not warrant a sentence reduction. The Court has considered each of the factors and concludes that reducing Defendant's below-guidelines sentence would not properly reflect the seriousness of the offense, provide adequate deterrence, or promote respect for the law.

Accordingly, Defendant's Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. Nos. 181, 182,] is DENIED.

IT IS SO ORDERED this 8th day of March, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE